**Naphtha Transportation / Keith Schallenkamp**
**316 N 6ᵗʰ St.**
**Mankato, MN 56001**

Clerk, U.S. District Court
Southern District of Texas
FILED

OCT 13 2015

David J. Bradley, Clerk of Court

**Subject: Nondischargability Claim** against Ellie Ramos Palma.  Case Number 15-60013.

Your Honor,

I am Army Reservist on Involuntary Mobilization Orders.  <u>See attached orders</u>.  In 2012 I started Naptha Transportation to have a business to fall back on when the Army no longer needed me and brought several other Mobilized Reservists on board. Ellie Ramos Palma was the first person we did business with and she defrauded us ruining our business before we even got it off the ground and costing us several hundred thousand dollars.  Money we saved by serving in Iraq and Afghanistan as well as at Ft. Bliss, TX preparing other Army Reserve/National Guard units for combat.  As a result of being Mobilized and the negligence of our lawyer, Brian Rogers of Rogers and Davis, Victoria TX we were not able to get a Nondischargability claim for a fraud judgment filed in time.  Below are the details in Chronological order.

1.  9 JUL 13.  Granted a fraud judgment against Ellie Ramos Palma and JJR Transportation Solutions.  <u>See attached Judgment</u>
2.  DEC 13. Filed a Writ of Garnishment and received approximately $3,000.
3.  March 14 discovered that in Oct 13 Ellie Ramos Palma transferred property to Solid Transportation.  We also have good reason to believe that she transferred assets from JJR Transportation Solutions to Solid Transportation.
4.  Brought this information to our Lawyer Brian Rogers and asked him to file another suit against Ellie Ramos Palma's husband Alex Palma as there was property in his name as well and also against all of the other businesses she and her husband were involved in.
5.  30 APR 14 filed a writ of Execution on a property in Victoria, TX under Alex Palma's name.  <u>See attached Writ of Execution.</u>  We had a court date in JUN 14 where Ellie Ramos Palma claimed the property was a gift from her father to her husband.  The only proof was a cancelled check from the bank of Costa Rica for $35,000
6.  25 AUG 14 A Motion for a Stay of Execution for 29 AUG 14 was filed by Ellie Ramos Palma against the property above.  <u>See attached Motion</u>.  I believe that it was postponed until 6 OCT 14, but am not sure as communication with our lawyer at that time was sporadic at best.
7.  Ellie Ramos Palma filed a Bill of Review scheduled for 6 OCT 2014 at which time Ellie Ramos Palma produced a notarized statement from her father and witnessed by her daughter that the property was a gift from her father according to officers of the Victoria County Sheriff's Dept. who were present at the time.  Our lawyer Brian Rogers did not show up for court.  He told me that he was in a car accident and that he would re-schedule it, but never did.
8.  FEB 15 Brian Rogers filed a new suit against Alex Palma, solid Transportation and all of the other businesses Ellie Ramos Palma was involved with.  But he let that date laps as well.
9.  MAR 15 we found out about Ellie Ramos Palma's Bankruptcy.  We did not receive written notice because our address had changed due to our Involuntary Mobilization Status.

10. Brian Rogers informed us that he needed to file a Nondischargability Claim. But he did not do it and that is the last we have heard from him. <u>See attached email thread</u>.
11. JUL 15 I called his partner (Mr. Davis) and was told that he had left the law firm almost a year before and had embezzled money from him. We did not know of this change until my conversation with Mr. Davis. <u>See attached News Article.</u>
12. 6 OCT 15 the court in Victoria, TX is scheduled to dismiss the Bill of Review mentioned above.

We are asking the court to make a concession and grant us a Nondischargability Claim due to the fact that we are victims of Mal Practice from our lawyer Brian Rogers and the fact that due to restraints/restrictions of our Involuntary Mobilization Status with the Army Reserves along with distance we were not able to hire a new lawyer nor perform due diligence on our part. Also from our research, we have very good reason to believe that she is not being honest regarding assets she owns and would like a chance to recoup our losses.

We no longer have legal representation because we have not had the opportunity to find a new lawyer nor do we have the resources to hire one at this time. So please grant us leniency if we have not filed the appropriate documents.

If you have any questions please feel free to call me or my partner Captain Jason Little Owl at your convenience.

Captain Jason Little Owl.
Phone: 910-570-5288
Jason.littleowl@gmail.com

SFC Keith Schallenkamp
Phone: 605-641-2600
tajoman@hotmail.com

Thank you.

Sincerely,

Keith A. Schallenkamp

**DEPARTMENT OF THE ARMY**
HEADQUARTERS, 85TH SUPPORT COMMAND
1515 WEST CENTRAL ROAD
ARLINGTON HEIGHTS IL 60005-2475

ORDERS: UZ-349-0009                                                    15 December 2014

SCHALLENKAMP, KEITH ANTHONY               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  SFC
316 N 6TH ST                              W872 0290 RGT 2 BN TNG SPT (W872AA)
MANKATO, MN 56001                         MUSTANG, OK 73064

You are ordered to active duty as a member of your Reserve Component Unit for the period
indicated unless sooner released or unless extended.  Proceed from your current location in
sufficient time to report by the date specified. You enter active duty upon reporting to
unit home station.

Report To Home Station: W872 0290 RGT 2 BN TNG SPT (W872AA), MUSTANG ARMED FORCES RESERVE
CENTER MUSTANG, OK 73064
Report on: 03 January 2015
Report To Mobilization Station: 1733 PLEASONTON ROAD, B1002 FORT BLISS, TX 79916
Report on: 05 January 2015
Period of active duty: 364 days
Purpose: Activation in support of OPERATION ENDURING FREEDOM(CONUS SUPPORT BASE)
Mobilization category code: V

Additional instructions:
  (a) Sure pay is mandatory.  Soldier must bring the appropriate documentation to support the
      requirement to authorize sure pay to the bank.
  (b) Early reporting is not authorized.
  (c) Unaccompanied baggage shipment is not authorized.
  (d) Movement of household goods and dependents is not authorized.
  (e) Travel will be paid for one time travel from home duty station to mob station and back
      and includes travel and per diem from home station/mobilization station or duty
      location and return to home station as well  as non-temporary storage.  Individual
      Soldiers whose duty station is different from the mob station will receive funding for
      one time travel and return from mob station to the duty station.  Govt. transportation
      will be provided from home of record to assigned MOB station and/or duty location.  POV
      as transportation under JFTR, Para U3310 as not being more advantageous to the Govt.
      This means total payment of travel will not exceed the Govt cost had the Govt procured
      transportation been used between the ordered points.  In and around mileage is not
      authorized.
  (f) Rental car is not authorized.
  (g) Special Storage of HHG/POV may be authorized IAW Para U4770
  (h) Excess accompanied baggage is not to exceed 120 pounds.
  (i) Bring with you complete military clothing bag and appropriate personal items.
  (j) Soldier will handcarry (if available) complete MPRJ, health and dental, training, and
      clothing records.
  (k) Dependents (Family Members) of Reserve Component (Army Reserve and National Guard)
      Soldiers ordered to active duty for more than 30-days are eligible for the same
      benefits (e.g., medical care, TRICARE, commissary/exchange benefits, legal assistance,
      use of morale, welfare and recreation facilities, etc;) as dependents of regular Army
      Soldiers (but excluding dental, which requires orders to active duty for over 180-
      days).  It is a Soldier responsibility to ensure dependents are issued DD Form 1172,
      Active Duty dependent ID cards. To locate the nearest ID card facility near your home
      visit web site www.dmdc.osd/rsl (Rapids site locator by state, city, zip code).
      Dependents are also eligible to use Army One Source, which is a 24-hour resource
      service (from the US: 1-800-464-8107; En Espanola, llama al 1-888-375-5971 and collect
      calls (1-484-530-5889) available at no cost.
  (l) Bring copies of family care plan, wills, powers of attorney, and any other
      documentation affecting the soldiers pay or status.
  (m) Personnel requiring eye correction will bring two pairs of eyeglasses and eye inserts
      for a protective mask.
  (n) Government quarters and mess will be used if available.
  (o) Call 1-800-336-4590 (National Committee for Employer Support of the Guard and Reserve)
      or check online at www.esgr.org if you have questions regarding your
      employment/reemployment rights.
  (p) Your family members may be eligible for TRICARE (military health care) benefits. For
      details go to web address http://www.tricare.mil or email TRICARE_help@amedd.army.mil.
  (q) In an effort to share information between soldiers, employers and the Department of
      Defense on their rights, benefits and obligations, mobilized USAR soldiers are strongly
      encouraged to provide employer information at

**ORDERS:** UZ-349-0009                                                                 15 December 2014

    https://www.dmdc.osd.mil/udpdri/owa/rc.home.
(r) If upon reporting for active duty you fail to meet deployment medical standards
    (whether because of a temporary or permanent medical condition), then you may be
    released from active duty, returned to your prior reserve status, and returned to your
    home address, subject to a subsequent order to active duty upon resolution of the
    disqualifying medical condition. If, upon reporting for active duty, you are found to
    satisfy medical deployment standards, then you will continue on active duty for a
    period not to exceed the period specified in this order, such period to include the
    period (not to exceed 25 days) required for mobilization processing.
(s) You have been ordered to active duty in a TCS status. (subsequent orders, amendments
    and revocations may be downloaded from
    https://mobcop.army.mil/ORDERS/UI/Security/Login.aspx).
(t) If Government provided lodging is not available or the Soldier is not assigned to an
    installation, the Soldier must use Army lodging success (1-800-462-7691) to obtain
    housing or a statement of non-availability (SNA). With a SNA, the Soldier is authorized
    100% of the local per diem rate when orders are for 180 days or less; however, the
    authorized per diem rate will be 55% when the initial order is for 181 days or more or
    if subsequent orders exceeds 180 days within a 12 month period.
(u) Demobilization of unit(s) is/are prohibited without approval of HQDA. Individual
    members of the unit will demobilize with the unit unless provisions of AR 600-8-24 or
    AR 635-200 apply.  UICs will demobilize where it mobilizes, unless diverted per First
    Army.


FOR ARMY USE
AUTHORITY: Title 10 USC, Section 12302, DA Order 203214 dated 121509ZJun14/1A-14-163-010
date 12 June 2014
Accounting classification:
   ENL PAY/ALW: 215/6/7 2010.0000 01-1100 P2A200 11**/12** VPRE F1201 5570 01ENGU S12120
   TVL/PD: 21 5 2020.0000 0B1 B1TC 12101220P1M 21T1/21T2 RAAZVQ AZVQRA 012161
Funds are available upon the U.S. Congress Enacting FY15 Defense Appropriation. Funding is
authorized only for the fiscal year indicated on this order. Amendments will be required for
subsequent fiscal years. Soldiers and authorized Army officials must sign into
https://mobcop.army.mil/ORDERS to retrieve copies of orders/amendments.
SDN: SCH5851T349009
Sex: M
MDC: PME5
PMOS/AOC/ASI/LIC: 31B//2B/
HOR: MANKATO, MN 56001
DOR: 01 April 2010
PEBD: 24 October 1989
Security Clearance: SECRET, NATIONAL AGCY CHECK WITH LOCAL RECORD & CREDIT CHECKS
                (NACLC) 08 March 2008

Comp: USAR
Format: 165


FOR THE COMMANDER:

                            *   *   *   *   *   *
                            *  85TH SPT CMD   *
                            *    OFFICIAL    *
                            *   *   *   *   *   *
                            ROBERT W. SPINELLI
                            HUMAN RESOURCES OFFICER


DISTRIBUTION: 1- Cdr, Ft Bliss
1- Cdr, W872AA, W872 0290 RGT 2 BN TNG SPT, MUSTANG

• This is an official order generated in DAMPS-OCOTCS •

CAUSE NUMBER 12-8-73584-D

**FILED**

NAPHTHA TRANSPORTATION, LLC,
    PLAINTIFF,

VS.

JJR TRANSPORTATION SOLUTIONS, INC. & ELLIE RAMOS,
    DEFENDANTS.

§
§
§
§
§
§
§

377ᵀᴴ JUDICIAL DISTRICT
2013 JUL -9 PM 3: 00

*Cathy Stuart*                OF

DISTRICT CLERK
VICTORIA COUNTY, TEXAS

## JUDGMENT

CAME BEFORE THE COURT on this the _____9ᵗʰ_____ day of July, 2013, Plaintiff appeared through its attorney of

record. Defendants, although cited to appear and answer herein, have failed to file an answer within the time allowed by law.

The Court has considered the pleadings and records on file in this cause and the evidence and is of the opinion that

judgment should be rendered for Plaintiff.

It is accordingly ADJUDGED that Plaintiff, recover from Defendant, judgment for—

1.    $206,404.00, as damages resulting from the Defendants breach of contract;

2.    The Court finds that the Defendants committed fraud against the Plaintiffs, and accordingly awards Plaintiff
      treble damages, for a total of $619,212.00 as damages resulting from the contractual breach by Defendants,
      and the resulting trebling finding;

3.    $15,000.00 as attorney's fees in this case, the recovery of all fees and costs in the event the Defendants file a
      Motion for New Trial, the recovery of all attorney's fees and costs associated with the enforcement of this
      judgment and all attorney's fees and costs in the event of an appeal by Defendant;

4.    $987.23 for costs of court;

5.    interest at the rate of 5.00% percent per year on the total judgment from the date of judgment until paid.

It is ORDERED that Plaintiff shall have all writs of execution and other process necessary to enforce this judgment.

All relief not expressly granted herein is denied.

SIGNED on ___*July 9 , 2013*___ .

_____
Honorable Judge Presiding

APPROVED AS TO FORM AND SUBSTANCE:

_____

Brian W. Rogers
Texas Bar Number 24041811
Rogers Davis LLP
 - Attorneys & Counselors at Law –
121 E. Constitution
Victoria, Texas 77901
361.573.9898 – Telephone
361.573.9899 – Facsimile

# ROGERS DAVIS LLP
*- Attorneys & Counselors at Law -*

Brian W. Rogers
Partner

361.218.2301 – Direct

brogers@rogersdavis.com

121 E. Constitution
Victoria, Texas 77901

361.573.9898 – Telephone
361.573.9899 – Facsimile

www.rogersdavis.com

April 30, 2014

Victoria County Sheriff's Department         Via Hand Delivery
Attn:  Civil Division
101 N. Glass Street
Victoria, Texas 77901

**Re:**   *Writ of Execution in Cause Number 12-8-73584-D; NAPHTHA Transportation, LLC vs. JJR Transportation Solutions, Inc. & Ellie Ramos; 367th Judicial District Court, Victoria County, Texas*

    I hope this letter finds you well.  As you are aware, a Writ of Execution has been issued and given to you for service.  Additionally, we have had discussions with you regarding the various corporate entities that Ellie Ramos n/k/a Ellie Parma a/k/a Ellie Palma is associated with.  While we have no doubt she fraudulently conveyed assets belonging to JJR Transportation Solutions, Inc. to a new entity formed and owned by her new husband (Solid Transport, LLC), it is our intent at this time to only execute against Ellie Ramos n/k/a Ellie Parma or Ellie Palma and demand the surrender of her interest in the following corporations:[1]

   (1)    JJR Transportation Solutions, Inc.; (a Texas corporation with a forfeited existence to do business);

   (2)    Eco Forest Group, Inc. (a corporation registered in the state of Virginia);

   (3)    Multicultural Community Foundation, Inc. (a corporation registered in the state of Virginia);

   (4)    Solid Transport, LLC (a Texas LLC);

   (5)    First Solid Energy Group, LP (a Texas Limited Partnership); and

   (6)    GWK, GP LLC (a Texas LLC and the General Partner of Number 5 above)

    Regarding any fraudulent conveyances made by Ellie Ramos n/k/a Ellie Parma, we will be required to file new lawsuits against those entities that received said properties, and accordingly, cannot be acted upon under the current writ of execution.  Please seize the corporate interests at your earliest possible convenience so that we can move forward towards liquidation of those interests.  If you have any questions, please feel free to contact the undersigned, and thank you for your assistance in this matter.

        Sincerely,

        Brian W. Rogers

bwr/vls
cc:    Keith Schallenkamp, NAPHTHA Transportation, LLC

---

[1] Any interest owned in a business entity is a non-exempt asset as defined by applicable Texas Codes.

# CATHY STUART

| DISTRICT CLERK | VICTORIA COUNTY |
|---|---|

Victoria County Courthouse
361-575-0581

P. O. Box 2238
Victoria, Texas 77902

August 25, 2014

RE: 12-8-73584-D

NAPHTHA TRANSPORTATION, LLC
VS.
JJR TRANSPORTATION SOLUTIONS, INC. AND ELLIE RAMOS

TO THE ATTORNEYS OF RECORD IN THE ABOVE NUMBERED AND
ENTITLED CAUSE:

The above styled and numbered case is set for hearing on Defendant Ellie Ramos' Motion
to Stay Execution on August 29, 2014 at 9:00 AM in the District Court of Victoria
County, Texas.

Please advise immediately upon receipt of this notice if you have any conflicting setting
or settings. Unless so advised, the Court will not entertain any motion for continuance.

Cathy Stuart
District Clerk
24th, 135th, 267th and 377th
Judicial Districts of
Victoria County, Texas

By: _____
Jackie Gloor

Cynthia T Sheppard        SHEPP04@MSN.COM

Brian W. Rogers           BWR5000@GMAIL.COM

That's a good idea Brian, I hope that we can get that done asap.

1. She is filing bankruptcy. Her businesses aren't and neither is Alex.

2. Since we have a Judgment against JJR and there was a fraudulent transfer of assets from JJR to Solid and I think we could make the case that there were assets transferred from JJR to the other entities as well in the form of start up capital, I think that we should keep the pressure on by continuing to go after them. We already filed that suit. Should we continue it?
        * She says that her father owns 90% if Solid (how convenient). She has obviously tried to keep assets from us that way. That is fraudulent in itself. But if that is also a tactical error since we can now include her father and brother in the fraudulent transfer of assets.

The reason I am concerned is that we don't want to waste more time. I doubt we will get the whole judgment from Ellie's bankruptcy anyway and by getting her father, brother and Alex in the case as well, we can take all of Solid Trans and get 100% of the assets in Alex and her father's name.

Brian, we are concerned that your medical condition may affect your ability to keep up with our case.

I am retiring in Aug. By pressuring Ellie in her bankruptcy and at the same time pressuring Alex and her father, I think we can make bigger gains more quickly. Brain and Jason, what to you think of this tactic? I guess my military instinct is to keep the pressure on and keep it as intense as possible in order to force errors.

        KEITH SCHALLENKAMP tajoman@hotmail.com

---

Date: Mon, 13 Apr 2015 12:07:33 -0500
Subject: RE: ellie's first bankruptcy schedules
From: bwr5000@gmail.com
To: tajoman@hotmail.com


Their are a gazillion things wrong with her schedules, etc. The Trustee is going to set his hooks in her and not let go. **We have to file what's called a nondischargeability complaint against Ellis on the basis of fraud.** The trustees dragnet will bring everything else in.

Brian W. Rogers
Rogers Law Group P.C.
608 S. Bridge
Victoria, Texas 77901
361.460.4653 - Tel

Case 15-06018   Document 1   Filed in TXSB on 10/13/15   Page 10 of 10

**Tuesday, October 06, 2015**

# VICTORIA ADVOCATE

# Bank accuses Victoria attorney of theft, fraud



By Jessica Priest
Aug. 28, 2015 at 10:21 p.m.
*Updated Aug. 29, 2015 at 6 a.m.*

TDECU has sued a Victoria attorney, claiming he pocketed at least $26,800 obtained from members who had defaulted on their loans.

Texas Dow Employees Credit Union retained Brian Wade Rogers to represent it on credit obligation matters in 2003 or 2004 and, since that time, has paid him more than $500,000, according to court documents.

The bank claims Rogers understated settlement amounts, wrote it a check that later bounced and settled disputes without its knowledge.

The bank added there are at least three matters Rogers was instructed to take action on but did not, landing them on the court's dismissal docket.

The bank claims he committed legal malpractice, theft and fraud.

"TDECU only learns of these matters when its members reach out and request that TDECU live up to the terms of the agreement," the bank's attorney, Nathan Milliron, wrote in court documents. "In addition, Rogers' former law partner, Mark A. Davis, has helped TDECU piece together Rogers' actions."

The case was filed in May, but Rogers had not replied to the claims as of Friday.

He could not be reached by the newspaper for comment.

Rogers no longer represents TDECU, Milliron said Thursday, declining to comment further.

Victoria police are not investigating him, Detective Tanya Brown said.

Rogers does not have a public disciplinary record with the State Bar of Texas. He earned his doctorate of jurisprudence from Texas Tech University in 2003. His practice areas include bankruptcy, business, credit-debtor, health care, commercial and oil and gas litigation.